## Milford Martin by Otis F. Glenn, Guardian, Appellant, v. Mattoon Journal Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed October 11, 1917.

### Statement of the Case.

Action by Milford Martin, by Otis F. Glenn, his guardian and next friend, plaintiff, against the Mattoon Journal Company, defendant, to recover damages for libel. From a judgment for defendant upon demurrer to the declaration, plaintiff appeals.

CRAIG & KINZEL, BARR & FEIRICH and MARTIN & GLENN, for appellant.

BRYAN H. TIVNEN and JAMES W. & EDWARD C. CRAIG, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. LIBEL AND SLANDER—*defamatory effect of insinuations.* Insinuations may be as defamatory as direct assertions, since the effect and tendency of the language used and not its form is the criterion.

2. LIBEL AND SLANDER—*how defamatory imputation may be inferred.* A defamatory imputation may be inferred from odious comparison.

3. LIBEL AND SLANDER, § 102*—*what is effect of demurrer to declaration for libel.* A demurrer to a declaration for libel admits the publication of the alleged libelous matter, that the words were false and published maliciously and the meaning supplied by an innuendo.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. LIBEL AND SLANDER, § 100*—*when declaration in action for libel presents good cause of action.* On demurrer to a declaration for libel, averring that the murderer of plaintiff's mother had killed her in a most malicious, brutal and depraved manner, detailing same; that he was a most wicked, depraved, vicious, immoral and vile person, a liar, burglar, thief, convict and murderer, and so known generally in the community and State and United States, at the time of the publication complained which stated that plaintiff had applied for and been granted permission to spring the trap at the execution of the murderer and that "this is a perverted idea of revenge, which should not be countenanced by civilization, and places the young man on a plane little higher, if any, than that of the murderer," *held* that the declaration presented a good cause of action.